IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY KEVIN FIELDS | * | |
| Petitioner, | | |
| v. | * | CIVIL ACTION NO. GJH-14-2478 |
| ERIC HOLDER, ATTORNEY GENERAL | * | |
| UNITED STATES PAROLE COMMISSION | | |
| WILIAM SMITH, WARDEN | * | |
| Respondents. | | |

*****

MEMORANDUM

Anthony Kevin Fields ("Fields") is being held at the Central Detention Facility (District of Columbia ("D.C.") Jail). On August 4, 2014, the court received for filing Fields's 28 U.S.C. § 2241 petition for habeas corpus relief alleging that he is being prosecuted and held illegally. Affording this self-represented petition a generous construction pursuant to the dictates of *Haines v. Kerner*, 404 U.S. 519 (1972), Fields seemingly claims that he pled guilty to several parole violation charges in December of 2012, and the U.S. Parole Commission ("Commission") "jumped the guidelines" by imposing a new term of 42 months imprisonment, but no new term of supervised release. ECF No. 1. He claims that on February 1, 2013 the Commission voided their aforementioned action on technical reasons and that as of June 13, 2013, his sentence ran out without him hearing from the Commission. Fields states that he only found out about the sentence when his case manager contacted the Commission. *Id.*, pp. 2-4

Fields further contends that he was detained on a new misdemeanor charge on May 24, 2014, but he cannot make bond because the Commission has placed a hold on him. He asserts, however, that the Commission has no jurisdiction over him because his sentence expired. He seeks release from confinement and an injunction against the Commission. *Id.*, pp. 4-5

District courts are required to screen all civil cases brought by inmates. *See McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). In conducting this review, courts should examine venue and jurisdiction, identify any cognizable claims, and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. The screening is necessary to determine whether defendants/respondents should be required to respond to the action.

The undersigned observes that jurisdiction over this habeas corpus petition lies in the federal district court where Field's custodian is located. *See Rumsfeld v. Padilla,* 542 U.S. 426, 434-35 (2004) (confirming that proper respondent in habeas action is a petitioner's warden); *Stokes v. United States Parole Comm'n,* 374 F.3d 1235, 1239 (D. D.C. Cir. 2004) (district court "may not entertain a habeas petition involving present physical custody unless respondent custodian is within its territorial jurisdiction"). After *Padilla,* a court may only entertain a habeas petition involving current physical custody if the immediate custodian is within that court's jurisdiction. Fields filed this action while confined at the Central Detention Facility (D.C. Jail). He is not confined in Maryland. Given these circumstances, this court has no personal jurisdiction to adjudicate his 28 U.S.C. § 2241 petition. The court will dismiss the petition without prejudice by separate Order. Assuming he has set out viable grounds under § 2241, Fields may refile his petition, along with the $5.00 filing fee or indigency motion in the United States District Court for the District of Columbia.

Date: August     , 2014.

JUDGE GEORGE JARROD HAZEL
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND